## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ROBIN L. SALYERS,
    Plaintiff,

    vs.

MACARTHUR PARK
APARTMENTS, *et al.*,
    Defendants.

Case No. 1:12-cv-312

Weber, J.
Litkovitz, M.J.

**ORDER AND REPORT AND
RECOMMENDATION**

    Plaintiff Robin Lee Salyers, proceeding pro se, brings this action against defendants

Macarthur Park Apartments and Lawler-Wood Housing LLC c/o Macarthur Park II LP

(defendants), alleging violations of standards and regulations set by the United States

Department of Housing and Urban Development (HUD). (Doc. 3). Plaintiff also alleges that

defendants have violated the Constitution by providing uninhabitable premises for residents of

their apartments and have discriminated against their employees on the basis of race. This matter

is before the Court on: (1) plaintiff's motion for a jury trial (Doc. 5); (2) plaintiff's motion for

Court review (Doc. 6); (3) plaintiff's motion for Court-ordered investigation (Doc. 7); (4)

plaintiff's motion to preserve evidence (Doc. 8); and defendants' motion to dismiss plaintiff's

complaint (Doc. 10), plaintiff's response in opposition (Doc. 19), and defendants' reply

memorandum. (Doc. 20). The Court will first address defendants' motion to dismiss.

### I. Defendants' Motion to Dismiss (Doc. 10)

    Defendants move for dismissal under Fed. R. Civ. P. 12(b)(6), asserting that plaintiff's

complaint fails to raise any cognizable claims against them. Defendants contend the complaint is

vague and fails to include any factual allegations of defendants' purported misconduct or identify

the specific regulations defendants allegedly violated. Defendants further argue that to the extent

plaintiff seeks to raise claims on behalf of other residents or defendants' employees, the complaint should be dismissed for lack of standing.

Plaintiff's memorandum in opposition to the motion to dismiss fails to address any of the issues raised by the defendants. For the reasons stated below, the Court finds that defendants' motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) is well-taken and should be granted.

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Furthermore, the plaintiff must provide in the claim "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555).

It is well-settled that a document filed pro se is "to be liberally construed" and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. . . ." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). However, the Sixth Circuit has recognized the Supreme Court's "liberal construction" case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). Courts are not required to devote time to a case when the nature of a pro se plaintiff's claim "defies comprehension." *Roper v. Ford Motor Co.*, No. 1:09cv427, 2010 WL 2670827, at *3 (S.D. Ohio

2

April 6, 2010) (Report & Recommendation), *adopted*, 2010 WL 2670697 (S.D. Ohio July 1,

2010) (citing *Jones v. Ravitz*, No. 07-10128, 2007 WL 2004755, at *2 (E.D. Mich. July 6,

2007)).

The "factual" allegations of plaintiff's two-page complaint consist of the following:

STATEMENT OF CLAIM

Lawler-wood housing is a property management company, that manages or owns
or manages for other owners, One of being apartment complexes, one being
Macarthur Park Apartments. When speaking of what the defendants did or are
doing, is never something that happens to start now and end in three days, instead
what the defendants allow to start, has no stopping time, instead, things go on like
a never ending story. The defendants okays and says what happens and what does
not happen at the properties they manage, if something needs fix Lawler-wood
housing gives the final yes or no to the problem needing fix, so you will not hear
this happen on this day and ended on that day, because when it comes to profit, or
doing the right  the defendants has chosen profit every time.

1. HUD FRAUD:

2. REFUSING TO ENFORCE HUD RULES FOR PROFIT:

3. INFLICTING CRUEL AND UNUSUAL PUNISHMENT OR ITS OWN
   RESIDENTS;
   In order for the defendants to save money they in return force the residents to
   live in uncalled for conditions.

4. DISCRIMINATION AND WRONGFUL TERMINATION OF AFRICAN
   AMERICAN MANAGERS AND OTHER EMPLOYEES:
   Managers and employees were terminated for being African American, or
   for trying to uphold the rules of the Assisted Housing Services Corporation or
   HUD and standards set forth by the United States Government.

5. PROVIDING A UNSAFE ENFIRONMENT FOR RESIDENTS TO LIVE AND
   EMPLOYEES TO WORK.
   The defendants cares so much about their profit, that at any given time a
   resident or employee could be badly hurt or killed.

6. FAILURE TO PROVIDE A DRUG FREE LIVING ENVIRONMENT FOR ITS
   RESIDENTS TO LIVE, ALSO REQUIRED BY THE RULES AND
   STANDARDS SET FORTH BY HUD AND THE UNITED STATES
   GOVERNMENT.

3

The defendants unwillingness to enforce a drug free living place for its residents, has force the kids of Macarthur Park Apartments to witness a dead man being carried out from a heron over dose. These same kids are force to live in these conditions and witness more simply because the defendants needs more profit.

7. FAILURE TO PROVIDE A DRUG FREE WORK PLACE FOR EMPLOYEES TO WORK IN.
Maintenance man and other employees are forced to work around drugs, after reporting this problem along with pictures to upper management and Lawler-wood Housing repeatedly, only to get no response, because in doing the right thing would cost too much and would dip into profit.

8. FAILURE TO PROVIDE A QUALITY, WELL MAINTAINED, SAFE, SANITARY, DRUG FREE ENVIRONMENT FOR ITS RESIDENTS TO LIVE. ALSO REQUIRED BY THE RULES AND STANDARDS SET FORTH BY HUD AND THE UNITED STATES GOVERNMENT.
When enforcing HUD rules, means less profit, the defendants has chosen not to enforce HUD rules for more Profit.

9. OVER WORKING AND UNDER STAFFING OF EMPLOYEES:
Another way to keep up profit and bonuses is to under staff your employees, demand more from the few Employees you have, get each of them to do the work of two.

(Doc. 3 at 2-3).

The complaint then sets forth plaintiff's requested relief, including, among other things, a refund of all money paid to defendants by HUD, money to be paid to all of defendants' tenants, $250,000.00 for each wrongfully terminated employee, $500,000.00 each for the two African American managers terminated by defendants, and punitive damages. *Id.* at 3-4.

The complaint provides no factual content or context from which the Court may reasonably infer that defendants violated plaintiff's federal rights.[1] Plaintiff's complaint does not contain sufficient factual matter, accepted as true, to state a claim to relief against these defendants that is plausible on its face. Plaintiff does not allege any discernible facts as the

---

[1] To the extent that plaintiff complains that defendants violated the rights of other tenants or defendants' employees, he lacks standing to raise the claims of other persons. *See United States v. Van*, 931 F.2d 384 (6th Cir.

basis for his various claims. Nor does plaintiff allege facts showing how he was personally

harmed or injured by defendants' alleged actions. Plaintiff's conclusory allegations that

defendants committed HUD fraud, refused to enforce HUD rules, inflicted cruel and unusual

punishment on their residents, discriminated against their employees, and failed to provide a

safe and drug free environment, without more, fail to state a facially plausible claim for relief.

Thus, the complaint fails to state a claim for relief against defendants Macarthur Park

Apartments and Lawler-Wood Housing LLC c/o Macarthur Park II LP. The claims against

these defendants should be dismissed under Fed. R. Civ. P. 12(b)(6).

## II. Plaintiff's Motions (Docs. 5, 6, 7, 8)

A. Plaintiff's motion for a jury trial (Doc. 15) is denied as moot.

In his motion, plaintiff states: "[t]he defendants are going to demand a jury trial,

so why not request a Jury trial, the more people to find the defendants guilty, the better." (Doc.

5). The Federal Rules of Civil Procedure provide that every party is entitled to a jury trial. Fed.

R. Civ. P. 38. As plaintiff's constitutional right to a jury trial under the Seventh Amendment of

the Constitution is protected by Rule 38, his motion is denied as moot.

B. Plaintiff's motion for Court review (Doc. 6) is denied.

Plaintiff requests that the Court "fully view" his case prior to defendants being served

with notice of the lawsuit to ensure that defendants do not alter or destroy relevant evidence.

(Doc. 6 at 1). Plaintiff filed this case *in forma pauperis* and, accordingly, the Court was required

to ensure that defendants were served with summons and copies of plaintiff's complaint pursuant

to 28 U.S.C. § 1915(d). The docket reflects that summons were issued to defendants on the same

day that plaintiff filed the complaint and his motion for Court review. (Docs. 3, 6, 9).

---

1991); *Senter v. General Motors Corp.*, 532 F.2d 511, 516-17 (6th Cir. 1976). *See also Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).

Regardless of the merit, or lack thereof, of plaintiff's motion, as defendants have already been served, plaintiff's request for Court review is denied as moot.

C. Plaintiff's motion for a Court-ordered investigation (Doc. 7) is denied.

Plaintiff's motion for "the Court to order an investigation" contains no specific request, but instead details a variety of complaints regarding the manner in which defendants' property is managed and maintained. It appears that plaintiff seeks to have the Court engage in an investigation of the property and review potential discovery in the form of computer files. Such requests are improper. The Federal Rules of Civil Procedure provide the mechanisms by which discovery is obtained in civil lawsuits, namely that parties request information and evidence from each other and without assistance from the Court. *See, generally*, Fed. R. Civ. P. 26-37. Moreover, courts are not investigatory agencies. Accordingly, plaintiff's motion for a Court-ordered investigation is denied.

D. Plaintiff's motion to preserve evidence (Doc. 8) is denied.

In support of his motion to preserve evidence, plaintiff contends that once defendants have knowledge of this lawsuit they will alter the evidence, including the property at issue. Plaintiff requests that court personnel, accompanied by employees of HUD, go to defendants' property unannounced and observe the allegedly uninhabitable living conditions. Plaintiff's motion seeks the same type of investigation requested in connection with his motion for a Court-ordered investigation (Doc. 7). Accordingly, for the reasons stated above in connection with that motion, plaintiff's motion to preserve evidence is denied.

## III. Conclusion

For the reasons stated herein, **IT IS RECOMMENDED THAT** defendants' motion to dismiss (Doc. 10) be **GRANTED,** that plaintiff's claims against defendants be **DISMISSED** with prejudice, and this matter be closed on the docket of the Court.

6

**IT IS ORDERED** that plaintiff's motions for a jury trial (Doc. 5), for Court review (Doc. 6), for Court-ordered investigation (Doc. 7), and to preserve evidence (Doc. 8) are **DENIED**.

Date: 2/6/13

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ROBIN L. SALYERS,                                    Case No. 1:12-cv-312
     Plaintiff,

                                  Weber, J.
   vs.                                           Litkovitz, M.J.

MACARTHUR PARK
APARTMENTS, *et al.*,
     Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Robin Lee Salyers
2649 Cedarville Rd.
Goshen, OH 45122

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☑ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7011 3500 0001 5345 5185

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540